MRM:FAC
F. #2020R00243

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KEYAWNIA ROSS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. 1:20-cr-00489 (FB)(CLP)
(T. 18, U.S.C., §§ 641, 981(a)(1)(C) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.     The defendant KEYAWNIA ROSS was employed as a correctional officer at the Metropolitan Detention Center in Brooklyn, New York. ROSS's employer was the Federal Bureau of Prisons ("BOP"), an agency of the United States Department of Justice ("DOJ").

2.     In or about and between February 2019 and July 2019, the defendant KEYAWNIA ROSS submitted false claims for unemployment benefits to the New York State Department of Labor ("NYS DOL"). In each submission, ROSS certified that she was unemployed, available to take on new work and eligible for benefits when, in fact, she was employed by the BOP, reporting to work and receiving her federal salary. As a result, ROSS received and retained more than $9,600 in unemployment benefits from NYS DOL.

3. DOJ reimbursed NYS DOL for all unemployment benefits payments made to BOP employees. Accordingly, all of the unemployment benefits that ROSS received were moneys of the federal government.

4. On March 27, 2020, the President of the United States signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. In light of the ongoing health crisis related to the novel coronavirus (COVID-19), the CARES Act allocated additional unemployment benefits for eligible individuals. Specifically, Section 2104 of the CARES Act established a temporary emergency increase in unemployment benefits, referred to as the Federal Pandemic Unemployment Compensation ("FPUC") program, and made certain individuals eligible to receive $600 per week in unemployment benefits.

5. Under the CARES Act, each state seeking to pay FPUC benefits was required to request funds from a general account established by the United States Department of the Treasury ("U.S. Treasury") to pay all FPUC claims. From that general account, states received a monthly allotment, which was projected to equal 100% of the estimated total of FPUC claims to be paid that month. Using these allotments from the U.S. Treasury, NYS DOL made payments to individuals who submitted claims for unemployment benefits.

6. In or about and between May 2020 and June 2020, the defendant KEYAWNIA ROSS again submitted false claims for unemployment benefits to NYS DOL. As before, ROSS certified that she was unemployed, available to work and eligible for benefits when, in fact, she was employed by the BOP, reporting to work and receiving her federal salary. As a result, ROSS received and retained more than $8,100 in unemployment benefits from NYS DOL, including FPUC benefits.

7. All of the unemployment benefits that ROSS received were moneys of the federal government.

## COUNT ONE
(Theft of Public Money)

8. The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

9. In or about and between February 2019 and July 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KEYAWNIA ROSS did knowingly, willfully and without lawful authority embezzle, steal, purloin and convert to her own use money and things of value of the United States and a department and agency thereof, to wit: money of the United States Department of Justice, the aggregate value of which exceeded $1,000.

(Title 18, United States Code, Sections 641 and 3551 et seq.)

## COUNT TWO
(Theft of Public Money)

10. The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between May 2020 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KEYAWNIA ROSS did knowingly, willfully and without lawful authority embezzle, steal, purloin and convert to her own use money and things of value of the United States and a department and agency thereof, to wit: money of the United States Department

of Justice and money of the United States Department of Treasury, the aggregate value of which exceeded $1,000.

(Title 18, United States Code, Sections 641 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

12. The United States hereby gives notice to the defendant that upon her conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R00243

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

KEYAWNIA ROSS,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 641, 981(a)(1)(C) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____

*Clerk*

Bail, $ _____

_____

*Frank A. Cavanagh, Assistant U.S. Attorney (631) 715-7832*